UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN F. FLYNN, III,<br><br>                Petitioner,<br><br>    v.<br><br>MIKE KENNY,<br><br>                Respondent. | Case No. C08-5450 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**October 17, 2008** |

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254 challenging his 1993 convictions for burglary and sexual assault. (Dkt. # 1). The Court's records reflect that this petition is successive. Accordingly, the undersigned recommends that this file should be administratively closed and the case transferred to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## **DISCUSSION**

Ninth Circuit Rule 22-3 (a) states:

(a)     **Application**. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application Must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district**

REPORT AND RECOMMENDATION
Page - 1

**court shall refer it to the court of appeals.**

(Emphasis added).

Petitioner first filed a petition for writ of habeas corpus on March 23, 1995 in Case No. C95-5249FDB. (Dkt. # 5 therein). That petition was dismissed as frivolous on June 2, 1995. (Dkt. # 11 therein). Petitioner filed a second petition for writ of habeas corpus on May 14, 1999 in Case No. C99-5225FDB. (Dkt. # 5 therein). That petition was dismissed with prejudice. (Dkt. # 29 therein). Thus, the petition before this Court is a "second or successive" petition and should be transferred to the Ninth Circuit Court of Appeals consistent with the dictates of Rule 22-3 (a).

## CONCLUSION

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file. A proposed order accompanies this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 17, 2008**, as noted in the caption.

DATED this  29th  day of September, 2008.

Karen L. Strombom
United States Magistrate Judge